UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KARINA GRANADOS ANGARITA, <br><br> ISABELLA DEL CARMEN <br> MENDOLA GRANADOS <br>                     Plaintiffs, <br><br> vs. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CITIZENSHIP & IMMIGRATION SERVICES, ATTORNEY GENERAL OF THE UNITED STATES, PAM BONDI, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, USCIS HIALEAH FIELD DIRECTOR ENID STULZ <br><br>                     Defendants. | Civil Action No. <br><br> No. MSC2590184196 <br><br> No. MSC2590184197 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE APA**

    I.    **JURISDICTION**

1. This is a civil action brought under 5 U.S.C. §706 of the APA. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question subject matter jurisdiction). This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702. The United States waives sovereign immunity under 5 U.S.C. § 702.

    II.    **STATEMENT OF THE CASE**

2. Plaintiffs, Karina Granados Angarita and Isabella del Carmen Mendola Granados (hereinafter "Plaintiffs") bring this action challenging the Defendant's denial of Plaintiffs I-485, Applications to adjust status as the decision was arbitrary, capricious and not in accordance with law. *See* 5 U.S.C. §§ 706(1), 706(2)(A).

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

3. Defendants wrongfully denied Plaintiffs' I-485 applications stating that they were not eligible to adjust under sections 245k of the Immigration and Nationality Act (INA) when in fact, they are eligible. (**Exhibit A:** USCIS Decision Letter). The Defendants' decisions are legally wrong.

4. On its Denial Notice for the Plaintiff Karina Granados, USCIS

    a. wrongly alleges that Plaintiffs are barred from adjusting under 8 CFR § 245.1(b)(6) for not maintaining continuously a lawful status. This is incorrect as Plaintiffs did have status at the time of filing for adjustment. They are currently on Temporary Protected Status (TPS). (*See* Exhibit A: USCIS Decision Letter, page 2.)

    b. USCIS incorrectly cites to 8 C.F.R. § 245.1(b)(9), which restricts "[a]ny alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status." This finding is incorrect as USCIS disregarded the date of the last entry in advanced parole of the Plaintiff. (*See* Exhibit A: USCIS Decision Letter, page 2).

    c. USCIS also incorrectly states that the Plaintiffs are ineligible for adjustment of status under 8 U.S.C. § 1255(k) which permits the adjustment of certain lawfully admitted Employment-Based applicants despite limited violations under 8 U.S.C. § 1255(c)(2), (7) or (8). To be eligible under 8 U.S.C. § 1255(k), "(1) the alien on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission; (2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days– (A) failed to

2

maintain, continuously, a lawful status; (B) engaged in unauthorized employment; or (C) otherwise violated the terms and conditions of the alien's admission." USCIS states, "For INA § 245(k) adjustment purposes, lapses or violations of lawful status are counted from the time of the applicant's last admission until filing for adjustment of status." (See Exhibit A: USCIS Decision Letter, Page 2).

5. USCIS' denial of the I-485 was legally wrong, arbitrary and capricious because:

    a. Their adjustment can be approved under 8 U.S.C. § 1255(a) as they traveled abroad with a valid TPS advanced parole document; and

    b. Their adjustment can be approved under 8 U.S.C. § 1255(k) as they did not violate status or work without authorization after her last entry TPS advanced parole document.

6. USCIS's improper denial of Plaintiffs' I-485 Application has caused Plaintiffs irreparable harm.

### III. **PARTIES**

7. Plaintiff Karina Granados Angarita, is the Principal Beneficiary of an Approved I-140, Immigrant Petition for Alien Worker and she is eligible to adjust status under the I-140.

8. Plaintiff Isabella del Carmen Mendola Granados is the daughter of Plaintiff Karina and Derivative Beneficiary of the Approved I-140, Immigrant Petition for Alien Worker and she is also eligible for adjustment of status under the approved I-140.

9. Defendant, Pam Bondi, is the Attorney General of the United States, whose office address is U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC, 20530.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

10. Defendant, Kristi Noem, is the Secretary of the Department of Homeland Security, whose office address is MS 0525 Department of Homeland Security, 2707 Martin Luther King Jr Ave SE Washington, DC 20528.

11. Defendant Enid Stulz, is the Field Office Director of USCIS Hialeah, whose office address is U.S. Citizenship and Immigration Services, 5880 NW 183rd Street Hialeah, FL 33015. In this position, she is responsible for overseeing the adjudication of immigration benefits and establishing immigration policies. The USCIS Director is ultimately responsible for the adjudication of Plaintiff's application. Defendant Enid Stulz is sued only in their official capacity.

12. Each Defendant is sued in his or her official capacity. Defendants are responsible for the denial of Plaintiff's I-485 petition.

13. Defendant USCIS is a component of the Department of Homeland Security, 6 U.S.C. § 271, and an agency within the meaning of the Administrative Procedure Act (APA), 5 U.S.C. § 551(1). USCIS is responsible for adjudicating immigration benefits, including I-485 petitions. USCIS denied Plaintiff's I-485 petition.

IV. **VENUE**

14. Pursuant to 28 U.S.C. § 1391(e)(1)(C), venue is proper in the Southern District of Florida. The Plaintiffs seek the reopening and approval of Form I-485, Application to Register Permanent Residence or Adjust Status. Plaintiffs reside at 10525 W 32nd Lane, Hialeah, FL 33018.

4

V.  **LEGAL BACKGROUND**

15. On its July 1st, 2022 Memorandum titled "Temporary Protected Status and Eligibility for Adjustment of Status under Section 245(a) of the Immigration and Nationality Act", USCIS states in the relevant part:

> TPS beneficiaries whom DHS has inspected and admitted into TPS under MTINA [(Miscellaneous and Technical Immigration and Nationality Amendments of 1991)], subsequent to that inspection and admission, will have been <u>'inspected and admitted'</u> and are 'present in the United States pursuant to a lawful admission,' including for purposes of adjustment of status under INA 245. This is true even if the TPS beneficiary was present without admission or parole when initially granted TPS.

If the entry occurred on or after July 1, 2022, USCIS will treat the entry as admission for the purpose of meeting 8 U.S.C. § 1255(a)'s inspected and admitted or paroled requirements. **(Exhibit B:** USCIS Policy Memorandum, Rescission of Matter of Z-R-Z-C- as an Adopted Decisions, dated July 1, 2022.)

16. In the pertinent parts, 8 C.F.R. 245.1(b) restricts aliens from applying for adjustment of status to a lawful permanent resident alien in cases where the alien "is not in lawful immigration status on the date of filing his or her application for adjustment of status" and has failed "to maintain continuously a lawful status **since entry** into the United States." *See* 8 C.F.R. 245.1 (b)(5)-(6).

17. Under 8 U.S.C. § 1255(k):

> An alien who is eligible to receive an immigrant visa under paragraph (1), (2), (3), or (5) of section 1153(b) of this title (or, in the case of an alien who is an immigrant described in section 1101(a)(27)(C) of this title, under section 1153(b)(4) of this title) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if-

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

> (1) the alien, **on the date of filing an application for adjustment of status**, is present in the United States **pursuant to a lawful admission**;
> (2) the alien, **subsequent to such lawful admission** has not, for an aggregate period exceeding 180 days-
> > (A) failed to maintain, continuously, a lawful status;
> > (B) engaged in unauthorized employment; or
> > (C) otherwise violated the terms and conditions of the alien's admission.

USCIS Policy Manual also states, "INA 245(k) provides certain employment-based adjustment applicants with an exemption from the INA 245(c)(2), INA 245(c)(7), and INA 245(c)(8) adjustment bars." *See* 7 *USCIS Policy Manual* Ch. 8 Inapplicability of Bars to Adjustment, https://www.uscis.gov/policy-manual/volume-7-part-b-chapter-8 (November 26, 2024).

## VI.   FACTUAL ALLEGATIONS

18. On September 17, 2016, Plaintiffs were admitted to the United States on a B2 visa and were granted B2 status until March 16, 2017.

19. On February 16, 2017, Plaintiffs filed Form I-589, Application for Asylum, while in B2 status.

20. On May 17, 2021, Plaintiffs filed Forms I-821, Application for Temporary Protective Status (TPS), which USCIS granted from February 7, 2022 to September 9, 2022 and again were granted status from September 10, 2022 until September 10, 2025 (*See* **Exhibit C:** Copy of I-797A Notices of TPS Approval)

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

21. On July 21, 2021, USCIS received Form I-140, Immigrant Petition for Alien Worker from Plaintiff Karina's Employer, which was approved on January 10, 2022. ( **Exhibit F**: Copy of Approval Notice for I-140 dated January 10, 2022).

22. Plaintiffs filed for an advanced parole based on their TPS status. An advanced parole is a document authorizing foreign travel. USCIS then approved Plaintiffs' advance parole applications, in August 2024 with a validity period until August 2025. (*See* **Exhibit D:** Copy of I-512L Authorization for Parole of an Alien into the United States).

23. Plaintiffs then traveled abroad and were admitted on the TPS advanced parole on September 29, 2024. (*See* Exhibit D: Copy of I-512L Authorization for Parole of an Alien into the United States; *see also* **Exhibit E:** Copy of Passport Entry Stamps under TPS into U.S. dated September 29, 2024.)

24. On November 29, 2024, Plaintiffs timely and properly filed Form I-485, Application to Register Permanent Residence or Adjust Status based on the Approved I-140. (*See* **Exhibit G:** I-485 Receipts).

25. Along with their I-485 filings, the Plaintiffs filed a copy of their stamped parole documents and a copy of the page of their passports showing the passport stamps as evidence of lawful entry as allowed by USCIS. USCIS Policy Manual, Volume 7 - Adjustment of Status, Part A: Adjustment of Status, Policies and Procedures, states:

> In most cases, an adjustment applicant is required to provide evidence of inspection and admission or parole. Typical documents that prove inspection and admission or parole include:

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

- Copy of the entry or parole stamps in the applicant's passport issued by U.S. Customs and Border Protection (CBP).

26. On March 31, 2025 USCIS issued their decisions denying Plaintiffs' I-485, claiming that the granting of TPS does not excuse or cure any other lapses or violations of lawful immigrant status even though the Plaintiffs are currently in a lawful immigration status during the TPS period. (*See* Exhibit A: USCIS Decision Letter, Page 4).

27. USCIS focused on the time that the Plaintiffs were out of status with an asylum application pending, from March 17, 2017 until February 6, 2022, when they were granted TPS.  (*See* Exhibit A: USCIS Decision Letter, page 4.)

28. On March 31, 2025, Plaintiffs received USCIS's Decision Letter.

29. The denial of the I-485 petitions were arbitrary, capricious, and outside of the law as USCIS ignored USCIS Policy Memorandum dated July 1, 2022 and case law that establishes that a person who travels in TPS advance parole can adjust upon entry for purposes of 8 U.S.C. § 1255(a) eligibility. Plaintiffs traveled and were admitted after July 1, 2022 under TPS, which allows them to adjust as they were "'inspected and admitted" and "present in the United States pursuant to a lawful admission."

30. USCIS also erroneously relies on a prior Plaintiffs' date of entry, September 17, 2016, in their determination of whether Plaintiffs have maintained continuously a lawful status under 8 C.F.R. 245.1 (b) when Plaintiffs' last date of entry, which is the date relevant for

8

their adjustment of status, was **September 29, 2024** when they entered the United States with their TPS advance parole documents.

31. Plaintiffs have, since their date of entry on September 29, 2024, maintained continuously a lawful status as they had TPS on the date they filed for adjustment, and their TPS is valid until September 10, 2025. (*See* Exhibit E: Copy of Passport Entry Stamp under TPS into U.S. dated September 29, 2024.)

32. Additionally, by calculating the 180 day aggregate period under 8 U.S.C. § 1255(k) using September 17, 2016, instead of the correct date of lawful admission for Plaintiff's adjustment application, September 29, 2024, USCIS erroneously determined that Plaintiffs were ineligible to adjust this statute.

33. The APA provides for judicial review of final agency action. 5 U.S.C. 702. It states that a person "suffering [a] legal wrong because of agency action," or "adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review." Id. The reviewing court must "hold unlawful and set aside agency action, findings, and conclusions" that violate any one of six factors. 5 U.S.C. § 706.

34. 5 U.S.C. § 706(2)(A)-(F); see also *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 413-14 (1971) (citing 5 U.S.C. § 706(2)(A)-(F)):

> In all cases, agency action must be set aside if the action was:
> a. arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> b. contrary to constitutional right, power, privilege, or immunity;

9

    c. in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
    d. without observance of procedure required by law;
    e. unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
    f. unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

## VII. FINAL AGENCY ACTION AND EXHAUSTION OF REMEDIES

35. Neither the Immigration and Nationality Act nor implementing regulations require a petitioner to take further administrative action after USCIS denies a filing, which in this case is the Plaintiffs' filing of their I-485 petitions.

36. Administrative appeal of USCIS' denial of a filing is precluded by 8 C.F.R. § 103.2(a)(7)(iii). USCIS' denial of the filing of Plaintiffs' I-485 application is the final agency action under the APA. *See* 5 U.S.C. §§ 551(13); 701(b)(2); 704. Thus, Plaintiffs have no administrative remedies to exhaust.

## VIII. PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

1. Issue a declaration that USCIS's denials of Plaintiffs' I-485s are arbitrary, capricious, and not in accordance with the law;

2. Enter an order compelling Defendants to reopen and approve Plaintiffs' improperly denied I-485 Applications that are the basis for this complaint.

10

3. Award Plaintiffs their reasonable attorneys' fees and costs under the Equal Access to Justice Act 28 U.S.C. § 2412, 5 U.S.C. § 504, or any other applicable law; and

4. Award any other such relief as the Court deems just, equitable, and proper.

Respectfully submitted this 22nd Day of April of 2025.

**/s/Patricia Castillo Flanagan, Esq.**
Patricia Castillo Flanagan, Esq.
Work Visa Lawyers, P.A.
FL Bar No. 71613
261 N University Dr
Suite 500
Plantation, FL 33324
(754) 888-0116
patricia@workvisalawyers.com
Attorney for Plaintiffs
